# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| S.W., | Case No. 1:20-cv-00266-DAD-SAB |
|---|---|
| Plaintiff, | ORDER REQUIRING SUPPLEMENTAL BRIEFING ON PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM AND DIRECTING MEDICAL EVIDENCE TO BE FILED UNDER SEAL |
| v. | |
| TURLOCK UNIFIED SCHOOL DISTRICT, | |
| Defendant. | FOURTEEN-DAY DEADLINE |

On February 21, 2020, a complaint in this action was filed along with a petition for appointment of Sandra Drumonde as guardian ad litem for Plaintiff S.W., alleged to be an incompetent adult. (ECF Nos. 1, 3.)

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or an incompetent person may sue or defend on the incompetent person's behalf. Fed. R. Civ. P. 17(c)(1). If the minor or incompetent person "does not have a duly appointed representative," they "may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in the action." Id. This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more

1  than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and
2  may make all appropriate decisions in the course of specific litigation." Id. A guardian ad litem
3  need not possess any special qualifications, but he must "be truly dedicated to the best interests
4  of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143
5  F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the guardian ad litem cannot face an
6  impermissible conflict of interest with the ward and courts consider the candidate's "experience,
7  objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

8  Capacity to sue or be sued is determined by the law of the individual's domicile. Fed. R.
9  Civ. P. 17(b)(1). Under California law, "[t]he test for incompetence . . . is whether the party has
10 the capacity to understand the nature or consequences of the proceeding, and is able to assist
11 counsel in preparation of the case." Lee v. Retail Store Employee Bldg. Corp., No. 15-CV-
12 04768-LHK, 2017 WL 565710, at *3 (N.D. Cal. Feb. 13, 2017) (quoting In re Jessica G., 93 Cal.
13 App. 4th 1180, 1186 (2001)); A.A. on behalf of A.A. v. Clovis Unified Sch. Dist., No.
14 113CV01043AWIMJS, 2018 WL 1167927, at *2 (E.D. Cal. Mar. 6, 2018), report and
15 recommendation adopted sub nom. A.A. v. Clovis Unified Sch. Dist., No.
16 113CV01043AWIMJS, 2018 WL 1453243 (E.D. Cal. Mar. 23, 2018). Appointment of a
17 guardian ad litem implicates due process concerns because an incompetency finding and the
18 subsequent appointment of a guardian ad litem deprives a litigant of the right to control the
19 litigation and subjects the litigant to possible stigmatization. Gibson v. Hagerty Ins. Agency, No.
20 1:16-CV-00677-DAD-BAM, 2017 WL 1022792, at *2 (E.D. Cal. Mar. 16, 2017) (citing Ferrelli
21 v. River Manor Health Care Ctr., 323 F.3d 196, 203 (2d Cir. 2003) and Thomas v. Humfield, 916
22 F.2d 1032, 1034 (5th Cir. 1990)).

23 "In most cases, a guardian will not be appointed for an adult unless the person gives
24 consent or upon notice and a hearing." Jurgens v. Dubendorf, No. 2:14-CV-2780-KJM-DAD,
25 2015 WL 6163464, at *3 (E.D. Cal. Oct. 19, 2015); Gibson, 2017 WL 1022792, at *2. The
26 Ninth Circuit has indicated that in considering a litigant's competency the court may consider
27 sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from
28 treating medical providers, and medical records. See Allen v. Calderon, 408 F.3d 1150, 1151-53

(9th Cir. 2005); Gibson, No. 2017 WL 1022792, at *2.

The petition signed only by counsel for Plaintiff, states that Plaintiff S.W. alleges: (1) S.W. is an incompetent adult with severe developmental disabilities that impact all aspects of life; S.W. has Autism and communicates mostly through echolalic speech, gestures, and behavior; (2) S.W. has no general guardian[1] and no previous petition for appointment of a guardian ad litem has been filed in this matter; (3) Sanda Drumonde is S.W.'s mother, primary caretaker, and education rights holder; and (4) Mrs. Drumonde resides in Turlock, California, and is fully competent to act as S.W.'s guardian ad litem; Mrs. Drumonde does not have any interest adverse to S.W. and is not connected in business with the proposed adverse party; and Mrs. Drumonde is fully competent and responsible to prosecute the proposed action for S.W. (ECF No. 3 at 1.)

No declaration by the proposed guardian ad litem Mrs. Drumonde ("Petitioner"), by Plaintiff, or medical evidence has been submitted in support of the petition. Therefore, the Court shall require the submission of medical evidence addressing the diagnosis and competency of S.W. The Court is unable to make a determination as to S.W.'s competency without the submission of such evidence. S.W. has a legitimate privacy interest in the medical records and finds good cause to order such documents to be filed under seal. The Court shall also require a declaration from the Petitioner addressing these issues and her ability to represent S.W. as guardian ad litem.

///
///
///
///
///
///
///

---

[1] The Court notes that the filed complaint states Sandra Drumonde *is* the legal guardian of S.W. (ECF No. 1 at 2.)

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of the date of entry of this order, Plaintiff shall submit supplemental briefing in support of the petition for appointment of guardian ad litem as discussed herein, including medical records and a declaration from Petitioner Sanda Drumonde; and

2. To protect S.W.'s confidential medical information, Plaintiff shall file the required medical evidence, declarations, or letters addressing medical issues under seal. Plaintiff is directed to Local Rule 141(e)(2)(i) for the procedure to submit documents to be sealed.

IT IS SO ORDERED.

Dated: **February 25, 2020**

UNITED STATES MAGISTRATE JUDGE