# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.W.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TURLOCK UNIFIED SCHOOL DISTRICT,<br><br>　　　　　Defendant. | Case No. 1:20-cv-00266-DAD-SAB<br><br>ORDER GRANTING PETITION AND APPOINTING SANDRA DRUMONDE AS GUARDIAN AD LITEM FOR PLAINTIFF S.W.<br><br>(ECF Nos. 3, 7, 8) |

On February 21, 2020, a complaint in this action was filed along with a petition for appointment of Sandra Drumonde as guardian ad litem for Plaintiff S.W., proffered to be an incompetent adult. (ECF Nos. 1, 3.) On February 25, 2020, the Court ordered supplemental briefing to be filed to support the petition for appointment of guardian ad litem. (ECF No. 6.) On March 3, 2020, Plaintiff's counsel filed supplemental briefing and declarations under seal in support of the petition. (ECF Nos. 7, 8.)

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or an incompetent person may sue or defend on the incompetent person's behalf. Fed. R. Civ. P. 17(c)(1). If the minor or incompetent person "does not have a duly appointed representative," they "may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in the action." Id. This requires the Court to take

1

whatever measures it deems appropriate to protect the interests of the individual during the litigation. <u>United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.</u>, 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. <u>Id.</u> "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." <u>Id.</u> A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." <u>AT&T Mobility, LLC v. Yeager</u>, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. <u>Id.</u> (citations omitted).

The Court has reviewed the petition of Sandra Drumonde for appointment as guardian ad litem, the supplemental briefing in support of the petition, the declarations of Dr. Randal G. Ball, Sandra Drumonde, Daniel R. Shaw, and the exhibits attached thereto. (ECF Nos. 3, 7, 8.) The Court finds that Sandra Drumonde, the mother and caretaker of Plaintiff S.W., is an appropriate guardian ad litem, and that no apparent conflict would preclude her from serving as a guardian ad litem for Plaintiff S.W.

Accordingly, IT IS HEREBY ORDERED that SANDRA DRUMONDE is appointed Guardian ad Litem for Plaintiff S.W.

IT IS SO ORDERED.

Dated: __**March 4, 2020**__

UNITED STATES MAGISTRATE JUDGE