# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.W.,<br><br>        Plaintiff,<br><br>   v.<br><br>TURLOCK UNIFIED SCHOOL DISTRICT,<br>et al.,<br><br>        Defendants. | Case No. 1:20-cv-00266-DAD-SAB<br><br>ORDER REQUIRING PETITIONERS TO SUBMIT SUPPLEMENTAL BRIEFING IN SUPPORT OF PETITION TO COMPROMISE<br><br>(ECF No. 24)<br><br>**FOURTEEN DAY DEADLINE** |

On May 6, 2022, Plaintiff filed a joint petition for an incompetent's compromise.  (Pet., ECF No. 24.)  The matter is set for hearing on June 15, 2022.  (ECF No. 25.)

Pursuant to Local Rule 202, a petition for approval of a proposed settlement of an incompetent's claims must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.  If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances.  Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such

1

1    submission to all parties.

2  L.R. 202(b)(2).

3    While the petition generally names the causes of action and the affirmative defenses

4  asserted (Pet. 2-3), it does not identify "the facts and circumstances out of which the causes of

5  action arose, including the time, place and persons involved."  L.R. 202(b).  Relatedly, the

6  petition notes the settlement was reached following a mediation, a fact that the Court typically

7  finds to support the reasonableness of a proposed settlement.  The petition also notes that counsel

8  believes the amount allocated to the special needs trust will be sufficient to cover the costs of

9  care for S.W., to provide compensatory services she requires as a result of the incidents, and that

10  Defendant disputes causation of the injuries and damages.  However, the Court finds that given

11  the lack of description of the facts and circumstances surrounding the causes of action, the

12  petition does not currently provide sufficient information for the Court to properly consider "the

13  manner in which the compromise amount or other consideration was determined," and the Court

14  finds the petition currently requires supplementation of information "including such additional

15  information as may be required to enable the Court to determine the fairness of the settlement or

16  compromise."  L.R. 202(b)(2).  The supplemental briefing shall provide such information.

17    The Local Rule specifies the following information should be disclosed regarding

18  personal injury claims: "if a personal injury claim, the nature and extent of the injury with

19  sufficient particularity to inform the Court whether the injury is temporary or permanent.  If

20  reports of physicians or other similar experts have been prepared, such reports shall be provided

21  to the Court."  L.R. 202(b)(2).  While the complaint's two causes of action are not generally

22  personal injury statutes, within the claims, Plaintiff contends that Defendant acted with deliberate

23  indifference, and Plaintiff alleges that as a result of the denial of proper special education

24  services, during the 2017-2018 school year, Plaintiff was unable to leave her home which caused

25  her to suffer health issues in addition to rotting teeth, conditions that became life threatening the

26  following year.  Plaintiff alleges that the teeth rot led to weeks of fevers and pain and she spent

27  the majority of the twelfth grade in extreme oral pain, and if Defendant had provided appropriate

28  support and services, she would have been able to leave her house and go to a doctor.  (Compl 6,

8.)  The prayer for relief includes a request for compensatory damages for injuries, as well as for psychological and emotional distress.  (Compl. 12)  To the extent Plaintiff S.W. is alleging personal injury, the supplemental briefing shall provide sufficient information for the Court to determine whether the injury is temporary or permanent, any expert reports if those have been prepared, and any other information proper under the Local Rule.

While the petition cites Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011), including its guidance for the Court to review the settlement in relation to "recovery in similar cases," the petition provides no caselaw demonstrating the appropriateness of the settlement amount here.  The Petitioner shall provide supporting caselaw demonstrating the net recovery is fair and reasonable in light of the recovery in similar cases.

Finally, the Court notes that the proposed settlement includes a term that "because S.W. would technically continue to be a special education student through her twenty-second birthday, the Settlement Agreement releases the Defendant of any legal  responsibility to provide an education to S.W. prospectively [and] includes a prospective waiver of special education claims under the Individuals with Disability Education Act ("IDEA") and Section 504 of the Rehabilitation Act."  (Pet. 3.)  It is unclear whether this waiver may violate public policy laws.  See Y.G. v. Riverside Unified Sch. Dist., 774 F. Supp. 2d 1055, 1064-65 (C.D. Cal. 2011) ("Defendants argue that plaintiffs fail to state a claim under sections 1668 and 3513 because the Agreement is a private settlement agreement pertaining to an individual student and parent, and not the public at large [and] assert that to find otherwise would potentially render the majority of waivers set forth in settlement agreements entered into by parties in special education matters void on the basis that said agreements are primarily for the public purpose . . . [t]he Court finds that the allegation that a prospective waiver of procedural and substantive rights under the IDEA may be void as against public policy pursuant to California Civil Code §§ 1668 and 3513 is "plausible on its face," and therefore sufficient to defeat a motion to dismiss.").[1]  Petitioners shall

---

[1]  The Court notes that it is unclear from a subsequent order in the Central District case whether the Court later considered such waiver to be appropriate or enforceable, though it appears the court did grant a motion to enforce the settlement agreement without discussion of the waiver.  See Y.G. v. Riverside Unified Sch. Dist., No. EDCV 10-1002 CAS OPX, 2012 WL 2153957, at *4 (C.D. Cal. June 11, 2012).

address whether this prospective waiver may violate public policy laws.

Accordingly, IT IS HEREBY ORDERED that petitioners shall file supplemental briefing in support of the petition that addresses the issues discussed in this order, within fourteen (14) days of entry of this order.

IT IS SO ORDERED.

Dated:   **May 25, 2022**

UNITED STATES MAGISTRATE JUDGE